UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL                         CIVIL ACTION

VERSUS                                      NO. 09-6353

RODNEY J. STRAIN, JR., ET AL.               SECTION: "S" (3)

**O R D E R**

Plaintiff has filed a "Motion for Appointment of Counsel." Rec. Doc. 14. "A district court should appoint counsel in a civil rights case only if presented with *exceptional* circumstances." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added). Having considered that fact, as well as the factors set forth in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), the Court finds that appointment of counsel is not warranted. Plaintiff's claims are neither factually nor legally complex, and there is no indication that extensive discovery or investigation will be required or that a trial, if one is necessary, will require skills beyond plaintiff's capabilities. Plaintiff is a frequent litigant, and the Court is convinced that he possesses sufficient skills to litigate his claims. Accordingly, plaintiff's motion for appointment of counsel is **DENIED**.

Plaintiff has also filed a motion for a preliminary injunction. Rec. Doc. 15. Under the law of this Circuit, plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that plaintiff will

succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That extraordinary remedy is not warranted in this case. The Court finds that plaintiff has failed to make a clear showing on any of the four required criteria for a preliminary injunction. Accordingly, his motion for a preliminary injunction is **DENIED**.

Plaintiff has also filed a document which the Court construes as a motion to amend the complaint to add Deputy Sheriff Gary Cassale as defendant. Rec. Doc. 16. Because no responsive pleading has been filed, plaintiff is allowed to amend his complaint once as a matter of course.

Fed.R.Civ.P. 15(a).  Accordingly, plaintiff's motion is **GRANTED**, and the complaint is hereby deemed to be amended to add Cassale as a defendant.  The Clerk is **ORDERED** to issue summons as to Cassale and the United States Marshal is **ORDERED** to serve the defendant.

Lastly, the Court notes that plaintiff has filed with the Court a discovery request directed to the defendants.  Rec. Doc. 13.  Plaintiff is not to file discovery requests with the Court.  See Fed.R.Civ.P. 5(d)(1).

New Orleans, Louisiana, this third day of November, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDG**