# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW DAVID WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6353** |
| **RODNEY J. STRAIN, JR., ET AL.** | **SECTION: "J"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Andrew David Wetzel, a state prisoner and frequent litigant in this Court,[1] filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. This time, he complains about the mail service at the St. Tammany Parish Jail. In the original complaint, he named as defendants Sheriff Rodney J. Strain, Jr., Warden Gregory Longino, St. Tammany Parish, and the St. Tammany Parish Jail. He subsequently amended the complaint to add Gary Cassale as a defendant.

St. Tammany Parish and the St. Tammany Parish Jail have filed motions to dismiss for failure to state a claim on which relief may be granted.[2] See Fed.R.Civ.P. 12(b)(6). In considering a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). That said, to survive such a motion, the plaintiff still "must plead enough facts to state a claim to relief that is

---

[1] For example, in 2009 alone, plaintiff filed at least *thirteen* federal lawsuits.

[2] Rec. Docs. 20 and 25. Sheriff Rodney J. Strain, Jr., Warden Gregory Longino, and Gary Cassale have not filed motions and, therefore, this Partial Report and Recommendation does not address the claims against those defendants.

plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

As to the motion to dismiss filed by St. Tammany Parish, that motion should be granted for at least two reasons.

First, plaintiff has not alleged a proper Monell claim[3] against the parish government in this case. Regarding such claims, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm

---

[3] See Monell v. Department of Social Services, 436 U.S. 658 (1978).

resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6. Plaintiff has made no allegation whatsoever that the alleged violations in the instant case were caused by a policy or custom of the St. Tammany Parish government, much less identify such a policy.

Second, in any event, plaintiff *could not* allege a valid Monell claim against St. Tammany Parish regarding his claims because the parish government does not operate the St. Tammany Parish Jail. Pursuant to Louisiana law, the responsibility for a parish jail is divided between the local governing authority and the parish sheriff. Put simply, the parish is responsible for financing and maintaining the jail, La.Rev.Stat.Ann. §§ 15:304,[4] 15:702,[5] and 33:4715,[6] while the sheriff is

---

[4] La.Rev.Stat.Ann. § 15:304 provides in pertinent part: "All expenses incurred in the different parishes of the state or in the city of New Orleans by ... confinement ... of persons accused or convicted of crimes ... shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be."

[5] La.Rev.Stat.Ann § 15:702 provides in pertinent part: "The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons."

[6] La.Rev.Stat.Ann. § 33:4715 provides in pertinent part: "The police jury of each parish shall provide ... a good and sufficient jail ...."

responsible for the day-to-day operation of the jail, La.Rev.Stat.Ann. §§ 15:704[7] and 33:1435.[8] Williamson v. Louisiana, Civ. Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); see also Fairley v. Stalder, 294 Fed. App'x 805, 812 (5th Cir. 2008), cert. denied, 129 S.Ct. 1619 (2009). The proper defendant for a Monell claim concerning alleged rights violations arising from the operation of the St. Tammany Parish Jail is the St. Tammany Parish Sheriff in his official capacity. Williamson, 2008 WL 5082911, at *3; see also Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613-14 (E.D. La. 1998). Accordingly, the unopposed motion to dismiss the claims against St. Tammany Parish should be granted.

The motion to dismiss filed by the St. Tammany Parish Jail should likewise be granted. The St. Tammany Parish Jail, a non-entity appearing solely for the purpose of the motion, correctly notes that it is not a proper defendant in this federal civil rights action. Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... (Emphasis added.)

The St. Tammany Parish Jail is a building, not a "person" subject to suit under § 1983. Miller v. St. Tammany Parish Jail, Civ. Action No. 08-4694, 2008 WL 5111146, at *2 n.3 (E.D. La. Dec. 4,

---

[7] La.Rev.Stat.Ann. § 15:704 provides in pertinent part: "Each sheriff shall be the keeper of the public jail of his parish ...."

[8] La.Rev.Stat.Ann. § 33:1435(A) provides in pertinent part: "Each sheriff shall be keeper of the public jail of his parish ...."

2008); Williamson, 2008 WL 5082911, at *3; Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); see Verrette v. Webre, Civ. Action No. 08-4240, 2009 WL 481263, at *1 (E.D. La. Feb. 20, 2009); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976). Accordingly, the unopposed motion to dismiss the claims against the St. Tammany Parish Jail should be granted.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the unopposed motions to dismiss filed by St. Tammany Parish and the St. Tammany Parish Jail, Rec. Docs. 20 and 25, be **GRANTED** and the claims against those defendants be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this twentieth day of January, 2010.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.